| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-19-TAV-DCP |
| | ) | |
| DAVID JOHN GOEGLEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant David John Goeglein's Motion to Continue Trial Date and Relevant Deadlines [Doc. 18], filed on April 10, 2026.

Defendant Goeglein asks the Court to continue the current trial date, which is set for May 12, 2026, and the plea deadline, set for April 10, 2026 [*Id.*]. In support of his motion, Defendant states that his counsel has been involved in a good faith effort to resolve his case [*Id.* ¶ 1]. Despite due diligence, Defendant's counsel needs additional time to discuss a potential resolution with Defendant [*Id.*]. Defendant represents that the parties continue active negations and are hopeful that a resolution short of trial will be reached [*Id.*]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The motion reflects that the Government has no opposition to the proposed continuance [*Id.* ¶ 4].

Based upon the information contained in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to work towards a resolution of this matter, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the May 12, 2026 trial date.

The Court therefore **GRANTS** Defendant David John Goeglein's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 18**]. The trial of this case is reset to **July 14, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on April 10, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant David John Goeglein's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 18**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 14, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **April 10, 2026**, and the new trial date of **July 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 12, 2026**;

(5) the deadline for filing motions *in limine* is **June 29, 2026**, and responses to motions *in limine* are due on or before **July 7, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 29, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 6, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge