UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-cr-19-TAV-DCP |
| | ) | |
| DAVID JOHN GOEGLEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant David Goeglein's Motion to Continue All Deadlines and Trial Date [Doc. 33], which was filed on October 29, 2026.

Defendant Goeglein asks the Court to continue the trial date and all deadlines [*Id.*]. In support, Defendant states that Defendant was charged by "criminal complaint on February 20, 2026[,]" where he was represented by previous counsel Nakeisha C. Jackson [*Id.* ¶¶ 1–2]. Defendant was subsequently indicted on March 4, 2026, and given a trial date of December 8, 2026 [*Id.*¶¶ 3–4]. During this period, Defendant retained new counsel on October 29, 2026 [*Id.* ¶ 5]. Defendant's counsel states that "to provide effective assistance of counsel[,]" additional time is needed for him to "obtain and review discovery, investigate the allegations, consult with the defendant, evaluate potential pretrial motions, negotiate with the government[,] and adequately prepare for trial" [*Id.* ¶ 6]. Defendant's counsel further states that '[D]efendant is aware of his speedy trial rights and waives them for purposes of the requested continuance" [*Id.* ¶ 7]. Defendant's counsel asserts that a continuance serves the interest of justice, neither party will be prejudiced by the continuance, and that the motion is not made for "delay or tactical advantage"

[*Id.* ¶¶ 8–10]. Defendant's counsel also asserts the Government does not object to the continuance [*Id.* ¶ 11].

Based upon the information in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary review discovery and continue ongoing conversations with the Government. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant also needs additional time to discuss the case with his counsel and otherwise prepare the case for a trial. *See id.* The Court finds that all of this cannot occur before the December 8, 2026, trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue All Deadlines and Trial Date [**Doc. 33**]. The trial of this case is reset to **April 6, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 29, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D) & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue All Deadlines and Trial Date [**Doc. 33**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 6, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 29, 2026**, and the new trial date of **April 6, 2027,** is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 5, 2027**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **March 23, 2027, at 11:00 a.m.**;

(6) the deadline for filing motions *in limine* is **March 22, 2027,** and responses to motions *in limine* are due on or before **March 30, 2027**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 26, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge